UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**CHANNEL BYNUM,**
**individually and on behalf of**
**all others similarly situated,**

       Plaintiffs,                              CASE NO. 20-cv-1564

     v.

**COMMUNITY LOANS OF AMERICA, INC.,**
**d/b/a Wisconsin Auto Title Loans,**

**and**

**WISCONSIN AUTO TITLE LOANS, INC.,**

       Defendants.

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1. This is a collective and class action brought by Plaintiff Channel Bynum, individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees working at Defendant Community Loans of America, Inc., d/b/a Wisconsin Auto Title Loans and/or Defendant Wisconsin Auto Title Loans, Inc. (hereinafter collectively "CLA") at times since October 12, 2017.

2. Since that time, CLA has had a common policy and practice of requiring its hourly employees to clock in and out of its timekeeping system for uncompensated breaks during their respective shifts. Under CLA's common policies

and practices, CLA reduces its hourly employees' compensable work hours for all breaks regardless of whether such breaks constitute bona fide meal periods under the FLSA and Wisconsin wage and hour laws. As a result of these policies and practices, CLA has denied Plaintiff Bynum and the putative class members of pay for all hours worked in excess of forty in given workweeks at the applicable overtime premium rate mandated by the Fair Labor Standards Act of 1938, as amended ("FLSA") as well Wisconsin law. In addition, CLA has violated Wisconsin law for Plaintiff Bynum and the Wisconsin Class by failing to pay them at their agreed-upon rates of pay for all hours worked.

3. Plaintiff Channel Bynum brings this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate. Plaintiff Channel Bynum also brings this action, individually and on behalf of the Wisconsin Class identified below, pursuant to FED. R. CIV. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

4.  This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, *et seq*.

5.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6.  Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Eastern District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant CLA has substantial and systematic contacts in this district – including operating multiple locations in and around Milwaukee, Wisconsin.

## PARTIES

7.  Defendant Community Loans of America, Inc. is a Domestic Business Corporation with a principal place of business located in Atlanta, Georgia. Community Loans of America, Inc.'s registered agent for service of process is CT Advantage, located in Atlanta, Georgia.

8.  Wisconsin Auto Title Loans, Inc. is a Domestic Business Corporation with a principal place business located in of in Atlanta, Georgia. Wisconsin Auto Title Loans registered agent for service of process is C T Corporation System, located in Madison, Wisconsin.

9. Defendant Community Loans of America, Inc. has done and continues to do business as Wisconsin Auto Title Loans, Inc. at all times since October 12, 2017.

10. Plaintiff Channel Bynum is an adult resident of Milwaukee County in the State of Wisconsin. Plaintiff Bynum is a former employee of CLA who worked as an hourly manager at several of Defendants' Milwaukee area locations at times since June 2016. Bynum's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to this Complaint and is incorporated herein.

11. Plaintiff Bynum brings this action individually and on behalf of the FLSA Collective Class as authorized under the FLSA, 29 U.S.C. § 216(b). The **FLSA Collective Class** is defined as follows:

> All persons who are or have been employed by CLA as hourly employees at any time since October 12, 2017.

12. Plaintiff Bynum brings this action individually and on behalf of the Wisconsin Class pursuant to FED. R. CIV. P. 23. The **Wisconsin Class** is defined as follows:

> All persons who are or have been employed by CLA as hourly employees in the State of Wisconsin at any time since October 12, 2018.

13. The Wisconsin Class and FLSA Collective Class are hereinafter referred to collectively as the "Classes."

# GENERAL ALLEGATIONS

14. Community Loans of America, Inc. operates various entities – including Wisconsin Auto Title Loans, Inc. in Wisconsin – making up 1,000 consumer lending locations that provide short-term consumer loans and other financial products in 25 states.

15. Community Loans of America, Inc. has had at least $500,000.00 of gross business done in each year since 2017.

16. Wisconsin Auto Title Loans, Inc. has had at least $500,000.00 of gross business done in each year since 2017.

17. CLA has employed Plaintiff Bynum and the FLSA Collective Class as hourly employees at its various locations throughout the United States at times since October 12, 2017.

18. CLA has employed Plaintiff Bynum and the Wisconsin Class as hourly employees at its various Wisconsin locations at times since October 12, 2018.

19. CLA has agreed to pay Plaintiff Bynum and the Classes at a set hourly rate in exchange for all their hours worked at times since October 12, 2017.

20. Since October 12, 2017, CLA has required Plaintiff Bynum and the Classes to record their time by clocking in and out of work through a timekeeping system maintained by CLA for the purposes of tracking its employees' hours worked.

21. Since October 12, 2017, CLA has had a common policy or practice requiring Plaintiff Bynum and the Classes to clock out at the beginning of a break and to clock in when returning to work after a break.

22. Since October 12, 2017, CLA has had a common policy or practice of not compensating Plaintiff Bynum and the Classes for breaks lasting less than 30 minutes in length.

23. Since October 12, 2017, CLA has been aware the instances that Plaintiff Bynum and the Classes took breaks of less than 30 minutes because those breaks have been recorded in CLA's timekeeping system.

24. Since October 12, 2017, CLA has suffered or permitted Plaintiff Bynum and the Classes to work in excess of forty hours per workweek while performing their job duties for CLA.

25. As a result of CLA's common policy and practice of not compensating Plaintiff Bynum and the Classes for breaks of less than thirty minutes, CLA has failed to compensate Plaintiff Bynum and the Classes for all hours worked since October 12, 2017 – including hours worked in excess of forty hours per workweek – in violation of the FLSA and Wisconsin law.

26. CLA's conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff Bynum, the Wisconsin Class, and the FLSA Collective Class.

## **COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

27. Plaintiff Bynum and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to CLA's common decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked in excess of forty hours in a workweek. The claims of Plaintiff Bynum as stated herein are the same as those of the FLSA Collective Class.

28. Plaintiff Bynum and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, CLA's practice of failing to pay employees for all hours worked in excess of forty in a given workweek at one and one-half times their respective regular rates of pay.

29. The FLSA Section 216(b) FLSA Collective Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from CLA. Notice can be provided to the FLSA Collective Class via first class mail, email, and/or text messages to the last known contact information to CLA and through posting at CLA's facilities in areas where postings are normally made.

**RULE 23 CLASS ALLEGATIONS – WISCONSIN**

30. Plaintiff Bynum brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Class for violations occurring on or after October 12, 2018 (the "Wisconsin Class Period").

31. The proposed Wisconsin Class members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of CLA, upon information and belief, there are over 40 members in the Wisconsin Class.

32. Plaintiff Bynum's claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practice and/or policy of CLA and CLA benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Bynum and the other members of the Wisconsin Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

33. Plaintiff Bynum is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained counsel experienced in complex wage and hour class action litigation.

34. There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from CLAs' actions include, without limitation, the following:

a) Whether CLA failed to pay Plaintiff Bynum and the Wisconsin Class for all breaks less than thirty minutes in length as required by Wisconsin's wage laws;

b) Whether CLA failed to pay Plaintiff Bynum and Wisconsin Class for all work CLA suffered or permitted them to perform as required by Wisconsin's wage laws; and

c) The nature and extent of class-wide injury and the measure of damages for the injury.

35. A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

36. The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

### FIRST CLAIM FOR RELIEF
### Violations of the Fair Labor Standards Act of 1938 as Amended – Unpaid Overtime Wages

37. Plaintiff Bynum, individually and on behalf of the FLSA Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

38. Since October 12, 2017, Plaintiff Bynum and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq*.

39. Since October 12, 2017, CLA has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

40. At times since October 12, 2017, Plaintiff Bynum and the members of the FLSA Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

41. At times since October 12, 2017, CLA has been an employer of Plaintiff Bynum and the FLSA Collective Class as provided under 29 U.S.C. § 203(d).

42. Since October 12, 2017, CLA has violated the FLSA by failing to pay overtime compensation due to Plaintiff Bynum and the FLSA Collective Class for each hour worked in excess of forty hours in any given workweek as a result of deducting compensable breaks from their hours worked.

43. Plaintiff Bynum and the FLSA Collective Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because CLA acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

44. CLA's failure to properly compensate Plaintiff Bynum and the FLSA Collective Class was willfully perpetrated and Plaintiff Bynum and the FLSA Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

45. Alternatively, should the Court find that CLA did not act willfully in failing to pay overtime premium wages, Plaintiff Bynum and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

46. Pursuant to 29 U.S.C. §216(b), Plaintiff Bynum and the FLSA Collective Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action.

### SECOND CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Overtime Wages

47. Plaintiff Bynum, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

48. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

49. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

50. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

51. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

52. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq*.

53. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq*.

54. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq*.

55. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq*.

56. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

57. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

58. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq*.

59. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq*.

60. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq*.

61. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

62. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

63. Since October 12, 2018, CLA has had a common policy of failing to compensate Plaintiff Bynum and the Wisconsin Class for break periods of less than thirty minutes.

64. Since October 12, 2018, CLA had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Bynum and the Wisconsin Class overtime wages for all hours worked in excess of forty hours in a given workweek due to its failure to pay Plaintiff Bynum and the Wisconsin Class for breaks lasting less than thirty minutes.

65. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

66. The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime wages.

67. As set forth above, Plaintiff Bynum and the Wisconsin Class have sustained losses in their compensation as a proximate result of CLA's actions as

alleged herein. Accordingly, Plaintiff Bynum, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid overtime compensation, injunctive relief requiring CLA to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

68. Pursuant to Wis. Stat. §109.11, Plaintiff Bynum and the Wisconsin Class are entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

69. Pursuant to Wis. Stat. §109.03(6), Plaintiff Bynum and the Wisconsin Class are entitled to recovery of their attorneys' fees and costs incurred in pursuing their claims for unpaid wages.

## THIRD CLAIM FOR RELIEF
### Violations of Wisconsin Law – Unpaid Agreed-Upon Wages

1. Plaintiff Bynum, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

2. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 *et seq*.

3. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 *et seq*.

4. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.01 *et seq*.

5. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq*.

6. Since October 12, 2018, Plaintiff Bynum and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

7. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Stat. §§ 109.01 *et seq.*

8. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Stat. §§ 103.001 *et seq.*

9. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Stat. §§ 104.01 *et seq.*

10. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

11. Since October 12, 2018, CLA has been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

12. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

13. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 *et seq.*

14. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 *et seq.*

15. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 *et seq.*

16. Since October 12, 2018, CLA has employed, and/or continues to employ, Plaintiff Bynum and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 *et seq.*

17. Since September 24, 2020 CLA has failed to compensate Plaintiff Bynum and the Wisconsin Class for break periods lasting less than thirty minutes.

18. Since October 12, 2018, CLA had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Bynum and the Wisconsin Class overtime wages for all hours worked in excess of forty hours in a given workweek due to its failure to pay Plaintiff Bynum and the Wisconsin Class for breaks lasting less than thirty minutes.

19. Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

20. The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of agreed-upon wages.

21. As set forth above, Plaintiff Bynum and the Wisconsin Class have sustained losses in their compensation as a proximate result of CLA's actions as alleged herein. Accordingly, Plaintiff Bynum, individually and on behalf of the

Wisconsin Class, seeks damages in the amount of their respective unpaid, agreed-upon wage compensation, injunctive relief requiring CLA to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

22. Pursuant to Wis. Stat. §109.11, Plaintiff Bynum and the Wisconsin Class are entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

23. Pursuant to Wis. Stat. §109.03(6), Plaintiff Bynum and the Wisconsin Class are entitled to recovery of their attorneys' fees and costs incurred in pursuing their claims for unpaid wages.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff Bynum, individually and on behalf of all members of the FLSA Collective Class and the Wisconsin Class hereby requests the following relief:

a) At the earliest time possible, an order designating this action as a collective action on behalf of the FLSA Collective Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

d) An order designating Plaintiff Channel Bynum as the Named Plaintiff and as representative of the Wisconsin Class set forth herein;

e) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

f) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring CLA's actions as described in the Complaint as unlawful and in violation of Wisconsin's wage laws and their applicable regulations and enjoining CLA from further violations of Wisconsin's wage laws;

g) An Order finding that CLA violated the FLSA and Wisconsin wage and hour laws;

h) An Order finding that these violations are willful and/or dilatory and unjust;

i) Judgement against CLA in the amount equal to the Plaintiff's, the FLSA Collective Class's, and the Wisconsin Class's unpaid wages at the applicable agreed-upon wage and/or overtime premium rates;

j) An award in the amount of all liquidated damages and/or civil penalties as provided under Wisconsin Law and the FLSA;

k) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims;

l) To the extent that civil penalties and/or liquidated damages are not awarded, an Award of pre-judgment and post-judgement interest; and

l) Such further relief as the Court deems just and equitable.

Dated this 12th day of October 2020.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiffs

By: _s/ Timothy P. Maynard_
Timothy P. Maynard, SBN 1080953
Summer H. Murshid, SBN 1075404
Larry A. Johnson, SBN 1056619

Hawks Quindel, S.C.

222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email: tmaynard@hq-law.com
smurshid@hq-law.com
ljohnson@hq-law.com