# Class and Collective Settlement Agreement

The Parties to this Class and Collective Settlement Agreement ("Agreement") are Plaintiff Channel Bynum ("Named Plaintiff"), both individually and on behalf of the FLSA Collective Class (the "Collective Class") and the Wisconsin Class (the "Rule 23 Class"), Defendant Community Loans of America, Inc. ("CLA"), and Defendant Wisconsin Auto Title Loans, Inc. ("WATL") (CLA and WATL collectively referred to as "Defendants") (Named Plaintiff and Defendants collectively referred to as the "Parties").

## Recitals

WHEREAS, in a lawsuit captioned *Bynum v. Community Loans of America, Inc., et al.*, Case No. 20-CV-1564, U.S. District Court, E.D. of Wisconsin (the "Lawsuit"), Named Plaintiff alleges that Defendants failed to properly pay her, the Collective Class, and the Rule 23 Class agreed upon and overtime premium compensation for breaks lasting less than thirty minutes in length;

WHEREAS, Defendants deny the allegations in the Lawsuit and deny any and all liability to Named Plaintiff, the Collective Class, and the Rule 23 Class;

WHEREAS, Defendants have provided substantial data and information relevant to Named Plaintiff's allegations to Hawks Quindel, S.C. ("Class Counsel"), and, after a detailed analysis of the data, the Parties engaged in settlement negotiations. Through these efforts the Parties were able to reach agreement upon a total settlement fund to provide compensation for the alleged unpaid wages to Named Plaintiff, the Collective Class, and the Rule 23 Class;

WHEREAS, Class Counsel has represented Named Plaintiff and negotiated with Defendants at arm's length throughout this matter to ensure that Named Plaintiff, the Collective Class, and the Rule 23 Class are properly compensated for time spent working for Defendants and at the proper rates within the relevant statutory periods for each class;

WHEREAS, Defendants deny all of the allegations in the Lawsuit and any and all liability and damages of any kind to anyone with respect to the alleged facts or the causes of action asserted in the Lawsuit, but nonetheless, without admitting or conceding any liability or damages whatsoever have agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement to avoid the burden, expense, and uncertainly of continuing this Lawsuit;

WHEREAS, this Agreement resolves bona fide disputes involving overtime compensation as alleged in the Lawsuit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et al.*, as well as bona fide disputes as alleged in the Lawsuit under Wisconsin statutes and administrative regulations regarding wages,

1

payment of agreed upon wages, and hours of work;

WHEREAS, subject to approval by the Court, the Parties have reached a binding agreement to settle this matter upon the terms and conditions set forth herein as to all hourly, non-exempt employees who worked in the State of Wisconsin for Defendants at any time from October 12, 2017 and July 28, 2021 whose names appears on Exhibit A (the "Settlement"); and

WHEREAS, the Parties desire to resolve this matter and avoid the costs, risks, and delays associated with litigation.

NOW, THEREFORE, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims, as specified herein on the following terms:

## I. General Terms of Settlement

A. It is agreed by and among the Parties that this Lawsuit and any claims, damages, or causes of action arising out of or related to Defendants' alleged failure to pay for breaks less than thirty minutes in length, be settled and compromised as between the Collective Class members whose names appear on Exhibit A and whose consent forms to opt into the Lawsuit have been properly and timely filed with the Court (the "Collective Class Members") and the Rule 23 Class members whose names appear on Exhibit A and who have not timely and properly opted out of the Lawsuit (the "Rule 23 Class Members") (the Collective Class Members, the Rule 23 Class Members and the Named Plaintiff are collectively referred to herein as the "Plaintiffs") and Defendants, subject to court approval and pursuant to the terms and conditions set forth in this Agreement.

B. The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Agreement from the Court, to effectuate the Agreement's terms and to cause the Lawsuit to be dismissed with prejudice.

C. The Parties agree that this Agreement represents a fair, adequate, and reasonable settlement of Plaintiffs' claims and will so represent to the Court.

D. For the purpose of this Agreement only, the Parties agree to stipulate to the 29 U.S.C. § 216(b) Class as defined in Section II.B.

E. For the purpose of this Agreement only, the Parties agree to stipulate to the FED.R.CIV.P. 23 Class as defined in Section II.C.

2

F. In exchange for the release of claims and other promises contained herein, Defendants will, in accordance with the terms and conditions of this Agreement and in the manner and timing provided for in this Agreement, make payments to Plaintiffs and Class Counsel to the extent required by this Agreement.

G. Plaintiffs understand and acknowledge that, although Defendants are entering into this Agreement and making the payments hereunder, Defendants do not admit to any wrongdoing or violation of Federal or State statutes or regulations of any kind, including those cited in the Lawsuit and Section II below, and expressly deny the same.

H. Notwithstanding the terms of this Agreement, Defendants in no way waive any of their rights to enforce or compel arbitration pursuant to the terms of the arbitration agreements ("Arbitration Agreements") signed between the Named Plaintiff and either of Defendants, any members of the Collective Class and either of Defendants or any members of the Rule 23 Class and either of Defendants, other than those specific allegations at issue in this Lawsuit unless this Agreement is not approved by the Court. The Named Plaintiff and any member of the Collective Class or Rule 23 Class with Covered Claims (as that term is used in the applicable Arbitration Agreements), other than those specific allegations at issue in this Lawsuit unless this Agreement is not approved by the Court, must pursue such claims according to the terms of the Arbitration Agreement, where such an agreement exists. Defendants do not waive any rights to enforce the terms of the Arbitration Agreements in any other disputes involving Covered Claims with current and former employees, including members of the Collective Class and Rule 23 Class.

## II. Release of Claims, Acknowledgments, and Agreement to Cooperate

A. Named Plaintiff's Release of Claims.

Upon dismissal of the Lawsuit with prejudice as provided in Section IV.H., Named Plaintiff, and each of her heirs and assigns, in addition to her other legal representatives, hereby and forever completely releases and discharges Defendants from any and all known or unknown claims, which are releasable by law, of any kind which arise out of or are in any manner based upon or related to the employment relationship between Named Plaintiff and Defendants based on any act or omission that occurred up to the date of the execution of this Agreement. Named Plaintiff's release of claims against Defendants, include but are not limited to: (1) claims pursuant to the FLSA including any claim for retaliation pursuant to 29 U.S.C. § 215(a)(3), or

3

Wisconsin's wage and hour laws, including Wis. Stats. Chapters 103 and 109, and Wis. Admin Code Ch. DWD §§ 272 and 274; (2) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum merit; (3) Title VII of the Civil Rights Act of 1964, as amended; (4) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (5) the Genetic Information Nondiscrimination Act; (6) the Americans with Disabilities Act, as amended; (7) the Equal Pay Act; (8) the National Labor Relations Act; (9) the Employee Retirement Income Security Act of 1974; (10) state or federal parental, family and medical leave acts; (11) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (12) or claims arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action. This Agreement does not affect, release, or otherwise waive those rights which cannot be released as a matter of law, including any worker's compensation claims. Nothing in this Agreement waives Named Plaintiff's right to receive a whistleblower award from the U.S. Securities and Exchange Commission under Section 21F of the Securities Exchange Act of 1934, as amended.

B. Collective Class Members' Release of Claims.

Upon dismissal of the Lawsuit with prejudice as provided in this Agreement, the Collective Class Members, will release all FLSA claims against Defendants for unpaid overtime compensation arising from Defendants' alleged failure to pay for breaks less than thirty minutes in length, between October 12, 2017 and July 28, 2021.

C. Rule 23 Class Members' Release of Claims.

Upon dismissal of the Lawsuit with prejudice as provided in this Agreement, the Rule 23 Class Members release all Wisconsin law claims against Defendants for unpaid overtime and/or agreed upon compensation arising from Defendants' alleged failure to pay for breaks less than thirty minutes in length, between October 12, 2018 and July 28, 2021. To the extent a Rule 23 Class Member is not a member of the Collective Class, he/she shall not release any FLSA claims and shall only be deemed to have released the Wisconsin law claims articulated in this paragraph and under the terms of this Agreement.

4

D. Acknowledgments and Agreement to Cooperate.

Named Plaintiff acknowledges and agrees that the amounts payable pursuant to this Agreement resolve bona fide disputes regarding the payment of overtime premium compensation, agreed upon wages, liquidated damages, civil penalties, compensatory and punitive damages, and related legal fees and costs. Named Plaintiff further acknowledges and agrees she has been given sufficient time to read this Agreement and its attached Exhibits A-D prior to her execution of it, understand its terms, and has consulted with Class Counsel about the legal effects of this Agreement. Finally, Named Plaintiff agrees to direct Class Counsel to take any action necessary to ensure that the terms of this Agreement are fully carried out, and authorizes Class Counsel to work cooperatively with Defendants and their attorneys to seek judicial approval of this Agreement, including preparation of court-required pleadings.

E. Waiver of Right to Argue Claim Preclusion or *Res Judicata*.

In the event a claim is filed for unpaid overtime under the FLSA, Defendants explicitly waive the right to argue claim preclusion or *res judicata* on the basis of this Agreement for any member of the Rule 23 Class who did not return a consent form and who has therefore not waived his or her FLSA rights under this Agreement.

## III. Settlement Payments

A. Settlement Fund.

After the Court's Final Order Approving Settlement, and as consideration for the releases in Section II above, Defendants shall pay $54,177.00 (the "Settlement Fund") in accordance with and to the extent required by the terms and conditions of this Agreement. This Settlement Fund is inclusive of attorneys' fees and costs, liquidated damages, civil penalties, compensatory and punitive damages, administration costs and service payments to Plaintiffs. If the Agreement is not approved by the Court, Defendants will cease to have any obligation to pay or provide any portion of the Settlement Fund, the releases in Section II above will not be effectuated, and this matter will move forward in litigation.

B. Allocation of the Settlement Fund.

1. Service Payments – $800.00 of the Settlement Fund shall be allocated as service payments to Named Plaintiff and the

5

current Opt-In Plaintiffs identified on Exhibit A to this Agreement, as follows: (a) $500.00 to Named Plaintiff, (b) $100.00 each to Opt-In Plaintiff Andreina Munoz, Opt-In Plaintiff Tanisha Hunter, and Opt-In Plaintiff Nyree Rose. These service payments are made in recognition of Named Plaintiff and the aforementioned Opt-In Plaintiffs' efforts in bringing this Lawsuit, their insistence that the matter be resolved on class-wide basis, and the assistance they provided Class Counsel in bringing this matter to resolution. Defendants will issue an IRS Form 1099 to Named Plaintiff, Opt-In Plaintiff Andreina Munoz, Opt-In Plaintiff Tanisha Hunter, and Opt-In Plaintiff Nyree Rose for these service payments. Other than funding the Settlement Fund, Defendants shall not have any responsibility for allocating or distributing the service payments made pursuant to this Section III(B). The Settlement Administrator shall report the payments to the individuals identified on Exhibit A using an IRS Form 1099. The enforceability and binding nature of this Agreement shall not be impacted in any manner in the event that the Court refuses to award the entire amount sought by the Named Plaintiff or any of the Opt-In Plaintiffs for the service award.

2. Attorneys' Fees and Costs – $31,951.10 of the Settlement Fund shall be allocated as attorneys' fees and $548.90 of the Settlement Fund shall be allocated as costs to Class Counsel to the extent the Court deems such award and amount reasonable. Class Counsel will move the Court for an award of attorneys' fees and costs no later than twenty-one days before the Fairness Hearing. Class Counsel's attorneys' fees and costs approved pursuant to Section III(B)(2) and (3) shall be paid without withholding and shall be reported to the IRS and Class Counsel under Class Counsel's name and taxpayer identification number, which Class Counsel shall provide for this purpose, on an IRS Form 1099. Other than funding the Settlement Fund, Defendants shall not have any responsibility for allocating or distributing either the fees or the costs and expenses pursuant to Section III(B)(2) of this Agreement to Class Counsel. The enforceability and binding nature of this Agreement shall not be impacted in any manner in the event that the Court refuses to award the entire amount sought by Class Counsel for its reasonable attorneys' fees and costs.

3. Claims Administrator – $4,677.00 of the Settlement Fund shall be allocated as claims administration costs and paid by

6

Defendants to the Settlement Administrator. Defendants will pay the remaining cost of claims administration directly to the Settlement Administrator.

4. Settlement Class and Collective Funds – The remaining portion of the Settlement Fund, $16,200.00, shall be allocated between two separate funds. The allocation is provided for in Exhibit A to this Agreement and, because of rounding, the amounts paid may vary by a certain number of cents.

   a. Wisconsin Settlement Fund – $8,100.00 of the Settlement Fund shall be allocated to the Rule 23 Settlement Fund. Each Rule 23 Class Member shall receive a pro-rata share of the Rule 23 Settlement Fund as set forth in Exhibit A.

   b. The FLSA Settlement Fund - $8,100.00 of the Settlement Fund shall be allocated to the FLSA Settlement Fund. Each Collective Class Member shall receive a pro-rata share of the FLSA Settlement Fund as set forth for such individual in Exhibit A.

   c. For tax purposes, one-half of each payment made from the FLSA Settlement Fund pursuant to Section III(B)(4)(b) and two-thirds of each payment made from the Wisconsin Settlement Fund pursuant to Section III(B)(4)(a) of this Agreement shall be deemed payment of alleged unpaid wages, subject to all legally required garnishments, liens, wage withholding orders, regular withholding, and similar obligations, and reported on an IRS Form W-2. The remaining one-half of each payment made from the FLSA Settlement Fund pursuant to Section III(B)(4)(b) and one-third of each payment made from the Wisconsin Settlement Fund pursuant to Section III(B)(4)(a) of this Agreement shall be deemed compensation for interest, civil penalties, and liquidated damages, shall not be subject to payroll withholdings, and shall be reported on an IRS Form 1099. Any such tax documents will be provided to each Rule 23 Class Member or Collective Class Member by the Settlement Administrator. The amounts payable under this Agreement will not trigger any additional benefits or liabilities under Defendants' benefits plans, including any retirement plans in which any Rule 23 Class Member or Collective Class Member participates. It is the intent of this Agreement that the amounts payable provided for in this Agreement are the sole payments to be made by Defendants, and that no Rule 23

7

Class Member or Collective Class Member shall be entitled to any new or additional compensation or benefits as a result of having received the settlement payments (notwithstanding any contrary language or agreement in any benefit or compensation plan document that might have been in effect during the period covered by this Agreement).

5. Employer-side taxes – Defendants are responsible for employer-side taxes arising out of the payments identified in Exhibit A, including contributions for Social Security and Medicare taxes under the Federal Insurance Contributions Act. These employer-side taxes will not come from the Settlement Fund, but will be funded separately by Defendants.

6. Class Counsel and Plaintiffs are responsible for their respective taxes. Under no circumstances shall Defendants be liable should Class Counsel or Plaintiffs fail to pay his/her/its portion of any taxes due on the amounts payable.

## IV. Settlement Approval Process

A. Interim Stay of Proceeding.

The Parties agree to hold all proceedings in the Lawsuit, except such proceedings necessary to implement and complete the Agreement, in abeyance pending the Fairness Hearing to be conducted by the Court.

B. Stipulation to 29 U.S.C. § 216(b) Conditional Certification.

The Parties agree to stipulate to 29 U.S.C. § 216(b) Conditional Certification of the following Class for settlement purposes only:

> All persons who are or have been employed by either of Defendants as hourly, non-exempt employees in the State of Wisconsin at any time since October 12, 2017 and whose names appear on Exhibit A to the Parties' Settlement Agreement.

If this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit C to this Agreement.

C. Stipulation to FED.R.CIV.P. 23 Class Certification.

The Parties agree to stipulate to FED.R.CIV.P. 23 Class Certification of the following Class for settlement purposes only:

8

> All persons who are or have been employed by either of Defendants as hourly, non-exempt employees in the State of Wisconsin at any time since October 12, 2018 and whose names appear on Exhibit A to the Parties' Settlement Agreement.

If this Agreement is not approved by the Court, the Parties agree that this stipulation will be void. The stipulation is attached as Exhibit C to this Agreement.

D. Preliminary Approval of Agreement.

The Parties will file with the Court, by February 11, 2022, a Joint Motion for Preliminary Approval of Settlement and a Proposed Order Granting Preliminary Approval of Settlement, and supporting brief, in a form mutually agreed to by the Parties. Class Counsel will draft these documents. A fully executed copy of this Agreement will be attached to the Joint Motion for Preliminary Approval of Settlement. The Parties will cooperate and take all necessary steps to effectuate judicial approval of this Agreement. The Joint Motion for Preliminary Approval of Settlement will request the following relief:

1. Preliminary approval of the Settlement memorialized in this Agreement as fair, reasonable, and adequate;

2. Certification of this case as a collective action for settlement purposes only under 29 U.S.C. § 216(b) for the Collective Class;

3. Certification of this case as a class action for settlement purposes only under FED.R.CIV.P. 23 for the Rule 23 Class;

4. Appointing Named Plaintiff as the Class Representative;

5. Appointing Hawks Quindel, S.C., as Class Counsel pursuant to FED.R.CIV.P. 23(g);

6. A finding that the Notice of Class and Collective Action Settlement attached as Exhibit B to this Agreement (the "Notice") to be given to the individuals identified on Exhibit A constitutes the best notice practicable under the circumstances, including individual notice to all members of the Collective Class and Rule 23 Class who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to the members of the Collective Class and Rule 23 Class in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution;

9

7. Approving the Notice in the form of Exhibit B for distribution to all members of the Rule 23 Class and the Collective Class;

8. A direction that each member of the Collective Class who wishes to make a claim under the FLSA as provided for in this Settlement must return a signed opt-in form per the instructions set forth in the Notice, and that his/her opt-in form must be faxed, e-mailed or post-marked and addressed to or received by Settlement Administrator by the date set forth in the Preliminary Approval Order, but no less than sixty (60) calendar days following mailing of the Notice (the "Opt-In Period");

9. A direction that fourteen (14) calendar days prior to the Fairness Hearing, the parties shall jointly move for a Final Order Approving Settlement

10. A direction that each potential member of the Rule 23 Class who wishes to be excluded from the Rule 23 Class must opt out per the instructions set forth in the Notice, and that their response must be received by the date set forth in the Court's Order Granting Preliminary Approval of Settlement;

11. A direction that any member of the Rule 23 Class who has not properly and timely requested exclusion from the Rule 23 Class shall be bound in the event the Court issues a Final Order Approving Settlement;

12. The conducting of a Fairness Hearing to determine whether this Agreement should be approved as fair, reasonable, and adequate and whether the proposed Final Order Approving Settlement should be entered;

13. A direction that Class Counsel shall file a Motion for Approval of Attorneys' Fees and Costs no later than twenty-one days prior to the Fairness Hearing and a direction that any supplemental brief in support of final approval of the Agreement or in response to any objections to the application for attorneys' fees be filed at least seven days before the Fairness Hearing, and that the Court shall determine at the Fairness Hearing in what amount attorneys' fees and reimbursement of costs and expenses should be awarded to Class Counsel; and

14. A direction that any member of the Collective Class or Rule 23 Class who wishes to object in any way to this Settlement must file and serve such written objections per the instructions set

10

forth in the Notice no later than forty-five days after the mailing of the Notice, together with copies of all papers in support of his or her position. The Notice shall state that the Court will not consider objections of any Rule 23 Class Member who has not properly served copies of his or her objections on a timely basis.

E. Objection to Settlement.

Any member of the Rule 23 Class who intends to object to the fairness of the Agreement must, by the date specified in the Court's Order Granting Preliminary Approval of Settlement (which shall be forty-five days after the mailing of the Notice), file any such objection with the Court and provide copies of the objection to both Class Counsel and counsel for Defendants.

Any objection to the Settlement must include: (i) the objector's full name, address, and telephone number; (ii) a written statement of all grounds for the objection accompanied by any legal and factual support for such objection; (iii) copies of any papers, briefs, or other documents upon which the objection is based; (iv) a list of all persons the objector intends to call to testify in support of the objection at the Fairness Hearing; and (v) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any member of the Rule 23 Class who does not file a timely written objection to the Settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

F. Request for Exclusion.

Any member of the Rule 23 Class who wishes to be excluded from the Rule 23 Class must submit a request for exclusion no later than forty-five days after the mailing of the Notice. Any member of the Rule 23 Class who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.

G. Fairness Hearing.

On the date set forth in the Court's Order Granting Preliminary Approval of Settlement, a Fairness Hearing will be held at which the Court will: (i) decide whether to certify the Rule 23 Class or Collective Class; (ii) decide whether to approve the Agreement as fair,

reasonable, and adequate; and, (iii) decide Class Counsel's Motion for Attorneys' Fees and Costs.

H. Entry of Judgment.

If this Agreement is finally approved by the Court after the Fairness Hearing, a Final Order Approving Settlement directing the entry of judgment will be entered as follows in a form consistent with Exhibit D to this Agreement:

1. Approving the Agreement as fair, reasonable, and adequate as it applies to the Collective Class and the Rule 23 Class;

2. Certifying the Collective Class pursuant to 29 U.S.C. § 216(b) for settlement purposes only;

3. Certifying the Rule 23 Class pursuant to FED.R.CIV.P. 23 for settlement purposes only;

4. Appointing Named Plaintiff as Class Representative for the Rule 23 Class;

5. Appointing Hawks Quindel, S.C. as Class Counsel.

6. Declaring the Agreement to be binding on Defendants and Plaintiffs;

7. Ordering Defendants to pay the Settlement Fund in accordance with the terms and conditions of this Agreement within twenty-one days of the Court's Final Order Approving Settlement;

8. Indicating the amount of attorneys' fees and costs to be awarded to Class Counsel and the amount of the service payments to the Named Plaintiff and Opt-In Plaintiffs identified on Exhibit A;

9. Administratively closing the matter and ordering Named Plaintiff to submit to the Court a letter within five business days of Defendants making the payments provided in this Agreement at which point the Court will enter an order dismissing the matter with prejudice, including as follows:

    i. Dismissing with prejudice the released claims and permanently barring and enjoining the Named Plaintiff and all Opt-In Plaintiffs from filing or prosecuting against Defendant any claims according to the applicable releases described in this Agreement;

12

ii. Dismissing without prejudice the claims of the members of the Collective Class who did not opt in to the Lawsuit and the claims of the Rule 23 Class members who have properly and timely excluded themselves from the Rule 23 Class in full accordance with the procedures set forth in this Agreement; and

iii. Forever discharging Defendant from all released claims as defined in this Agreement.

10. Retaining jurisdiction to interpret, implement, and enforce the terms of this Agreement.

I. Settlement Administration.

If the Court grants preliminary approval of this Agreement, the settlement will be administered by the Settlement Administrator. The Parties agree to the following procedure for settlement administration:

1. Settlement Administrator Declaration. Within seven days after close of Opt-In Period, the Settlement Administrator will deliver to Class Counsel and Defendants' Counsel a declaration indicating the date the Notice was sent, a description of its efforts to ensure mailing of the Notice, an accounting of returned mailings and re-mailings, a list of individuals who returned consents to join, a copy of the consent forms returned, a list of individuals who objected, a copy of any objection materials, and a list of individuals who excluded themselves, along with other pertinent information.

2. Settlement Allocations. Individual settlement allocations shall be made in the amounts set forth in Exhibit A to the extent required by the terms and conditions of this Agreement. Each check will indicate that it is void after one hundred twenty (120) days from the effective date of the check.

3. Class List. Within seven (7) calendar days after the Parties file their motion for preliminary approval of this Agreement, Defendants will produce to Class Counsel an updated class list including each Collective Class members' and Rule 23 Class members' name, most recent street address, city, state, zip code, phone number (if available), and social security number via a password-protected Microsoft Excel spreadsheet. Class Counsel will incorporate this information into Exhibit A and provide the same to the Settlement Administrator. All information provided

13

by Defendants to the Settlement Administrator and Class Counsel shall be held in confidence and shall be used solely for purposes of effectuating this Agreement.

4. Issuance of Notice and Opt-In Form. Within fourteen days of the Court's Order Granting Preliminary Approval of Settlement, the Settlement Administrator will mail the Notice to the putative members of the Collective Class and the Rule 23 Class in a form substantially similar to what is attached hereto as Exhibit B, and made a part of this Agreement, a consent to join form in a form substantially similar to what is attached hereto and made part of this Agreement as Exhibit E (the "Opt-In Form"), along with a self-addressed and stamped envelope. The Notice will be sent by first-class U.S. Mail. The Notice shall inform the Collective Class members and the Rule 23 Class members of their right to join or exclude themselves from the settlement and the approximate amount they are entitled to receive if they choose to participate in the settlement as stated in Exhibit A.

Collective Class members wishing to make a claim under the Settlement must sign, fax, e-mail or postmark and mail the Opt-In Form no later than sixty (60) calendar days following the Settlement Administrator's mailing of the Notice and Opt-In Form, and in any event, such signed Opt-In Form must be in the possession of or postmarked and addressed to the Settlement Administrator no later than sixty (60) calendar days from the mailing of Notice. Only those Class Members who satisfy these requirements will become "Opt-In Plaintiffs" for the purposes of this Agreement.

If the mailing of Notice is returned as undeliverable, the Settlement Administrator shall promptly take other appropriate steps to identify the individual's proper current address and re-mail the notice to any such member of the Collective Class and the Rule 23 Class. If, after a second mailing of the Notice, the Notice is returned by the postal service as undeliverable, the Parties shall be deemed to have satisfied their obligation to provide the applicable Notice to that member of the Collective Class and/or the Rule 23 Class.

5. Communications. The Settlement Administrator shall provide Class Counsel and Defendant with notice of each Opt-In Form within seven (7) calendar days of receiving same, and also provide periodic updates to the Parties regarding the status of the claims administration process.

14

6. Final Allocation. Attached to Plaintiff's Motion for Final Approval, Class Counsel will file a Final Allocation. The Final Allocation will be a revised version of Exhibit A to reduce the Wisconsin Settlement Fund based on any members of the Rule 23 Class who have properly excluded themselves and reduce the FLSA Settlement Fund based on any putative members of the Collective Class who have not returned a consent to join form. The Final Allocation will indicate the actual payments each Collective Class Member and Rule 23 Class Member will receive. Class Counsel will deliver the Final Allocation electronically to both Defendants' Counsel and the Settlement Administrator. To the extent the Final Allocation must be further modified to comply with the Court's Order, Class Counsel will revise the Final Allocation as soon as practicable and deliver to both Defendants' counsel and the Settlement Administrator.

7. Payment schedule. Within twenty-one calendar days of the Court's final order granting approval of this Agreement, Defendants shall:

   i. wire to the Settlement Administrator the Wisconsin Settlement Fund, the FLSA Settlement Fund, and the Service Payments, as provided for in the Final Allocation, along with the Settlement Administration Costs; and

   ii. wire to Class Counsel the Attorneys' Fees and Costs awarded by the Court.

   Within twenty-one calendar days of the Settlement Administrator's receipt of the Settlement Fund, the Settlement Administrator shall deliver the payments to the Collective Class Members and the Rule 23 Class Members.

8. Cy Pres and Reverter. Any portion of the FLSA Settlement Fund that is allocated in Exhibit A to an individual who does not return a consent to join form shall revert to Defendants and any such individual shall retain his/her FLSA claims. Any portion of the Wisconsin Settlement Fund that is allocated in Exhibit A to an individual who properly excludes him/herself from the Rule 23 Class shall revert to Defendants and any such individual shall retain his/her Wisconsin law claims. Any portions of the Wisconsin Settlement Fund and/or FLSA Settlement Fund that were issued by the Settlement Administrator but remain undeliverable, returned, or uncashed within one hundred twenty (120) days after the date the checks were originally mailed by

15

the Settlement Administrator shall be voided and the amount of any proceeds from uncashed checks will be paid to the State of Wisconsin Department of Revenue Unclaimed Property Fund in the name of the individual or individuals whose check(s) remain un-cashed, so that the monies remain available for collection at a later date. No later than one hundred thirty-five (135) days after the date of original mailing of said checks, the Settlement Administrator shall provide to Class Counsel and Defendants' Counsel an accounting of unclaimed and uncashed portions of the Wisconsin Settlement Fund and/or FLSA Settlement Fund, including the names of the class members and the amounts of the checks not cashed.

## V. No Admission of Liability

Nothing in this Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants deny any such liability. The Parties have entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. Whether or not the Agreement is finally approved, neither the Agreement nor any document, statement, proceeding, or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

(a) Construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendants, including but not limited to evidence of any presumption, concession, indication, or admission by Defendants of any liability, fault, wrongdoing, omission, concession, or damages; or

(b) Disclosed, referred to, or offered or received in evidence against Defendants, in any further proceeding in the Lawsuit or any other civil, criminal, or administrative action or proceeding except for purposes of settling this Lawsuit pursuant to this Agreement.

## VI. Potential Voiding of this Agreement.

A failure of the Court to approve any material condition of this Agreement shall render the entire Agreement voidable and unenforceable as to all parties herein at the option of the party adversely affected thereby. However, neither party may void this Agreement based on the Court's approval or non-approval of the amount of attorneys' fees or costs, provided they do not exceed the amounts listed in this Agreement.

## VII. Publicity.

Neither the Parties nor their counsel shall issue any press release about the Settlement or this Agreement.

## VIII. Construction

The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arm's length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any party by reason of the extent to which any party participated in the drafting of this Agreement.

## XI. Jurisdiction

The Parties request that the Court retain jurisdiction for the sole purpose of enforcing the terms of this Agreement.

## X. Governing Law

This Agreement shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

## XI. Entire Agreement, No Waivers, Modifications, Amendments.

This document and its Exhibits A-D constitute the entire agreement between the Parties with regard to the claims alleged in the Lawsuit, and supersedes any prior written or oral agreements regarding the claims alleged in the Lawsuit. In entering into this Agreement, Named Plaintiff expressly acknowledges that she is not relying on advice from anyone from Defendants, including Defendants' principals, owners, or attorneys, or any other individual or entity other than Class Counsel. No waiver, modification, or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Settlement Agreement.

## XII. Severability

Subject to paragraph VI of this Agreement, if any provision of this Agreement shall be found invalid or unenforceable in whole or in part, that provision shall be deemed excised from this Agreement.

## XIII. Binding on Successors and Assigns

The Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties as previously defined.

## XIV. Counterparts

This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one agreement, which shall be binding upon and effective as to all Parties. This Agreement may be executed by electronic means and such signature will have the same effect as an original ink signature, including DocuSign, HelloSign or a similar service and/or an image (.pdf) of a signature.

## XV. Extension of Time.

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice to the Court, subject to Court approval as to Court dates.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement.

02 / 08 / 2022
Dated

*signature*

Channel Bynum, on behalf of herself, the Rule 23 Class, and the Collective Class

2/9/2022
Dated

*signature*

Community Loans of America Inc.,

By: Robert J. Reich

Its: President

2/9/2022
Dated

*signature*

Wisconsin Auto Title Loans, Inc.

By: Robert J. Reich

Its: President

19