UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHANNEL BYNUM,

        Plaintiff,

  v.

                          Case No. 20-cv-1564-pp

COMMUNITY LOANS OF AMERICA, INC.,
and WISCONSIN AUTO TITLE LOANS, INC.,

        Defendant.

## ORDER GRANTING JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL AND CLASS CERTIFICATION (DKT. NO. 41) AND SETTING FAIRNESS HEARING

        On February 11, 2022, the parties filed a joint motion for preliminary approval of class action settlement and class certification for purposes of settlement in this Rule 23/Wisconsin Wage Payment and Collection Laws (WWPCL) class action and FLSA collective action case. Dkt. No. 41. The parties have separately filed their settlement agreement, dkt. no. 42, and explained why they believe the settlement is fair and reasonable, dkt. no. 45. The parties also applied the Rule 23(a) and (b) standard to the proposed Rule 23 class. Id.

        The court **FINDS** that the settlement agreement (dkt. no. 42) is fair, reasonable, and reflects a reasonable compromise of *bona fide* disputes between the parties.

1

The court **GRANTS** the parties' joint motion for preliminary approval the FLSA settlement. Dkt. No. 41. The court **APPROVES** the settlement agreement. Dkt. No. 42.

The court **CERTIFIES** the following collective action settlement class under 29 U.S.C. §216(b):

> All person who are or have been employed by either of Defendants as hourly, non-exempt employees in the State of Wisconsin at any time since October 12, 2017 and whose names appear on Exhibit A to the Parties' Settlement Agreement.

Dkt. No. 42-3 at ¶1.

The court **CERTIFIES** the following collective action settlement class under Rule 23:

> All persons who are or have been employed by either of Defendants as hourly, non-exempt employees in the State of Wisconsin at any time since October 12, 2018 and whose names appear on Exhibit A to the Parties' Settlement Agreement.

Id. at ¶2.

The court **APPOINTS** Channel Bynum to serve as the representative for the certified 29 U.S.C. §216(b) collective class and the Fed. R. Civ. P. 23 class.

The court **APPOINTS** the law firm of Hawks Quindel, S.C. as class counsel for the certified 29 U.S.C. §216(b) collective class and the Fed. R. Civ. P. 23 class.

The court **APPROVES** the notice of class and collective action settlement (the "notice") and opt-in/opt-out Consent Form. Dkt. No. 42-2.

The court **FINDS** that the notice constitutes the best notice practicable under the circumstances, including individual notice to all class members and

collective members who can be identified with reasonable effort, and that it constitutes valid, due and sufficient notice to class members and collective members in full compliance with the requirements of applicable law, including the due process clause of the United States Constitution.

The court **ORDERS** that:

1. The settlement administrator will mail the notice to the putative members of the collective class and the Rule 23 class within fourteen (14) calendar days of this order;

2. Any member of the Rule 23 class who wishes to be excluded from the Rule 23 class must opt out per the instructions set forth in the notice, and his or her response must be received within forty-five (45) days of mailing of the notice;

3. Any member of the Rule 23 class who has not properly and timely requested exclusion form the Rule 23 class will be bound in the event the court issues a final order approving settlement;

4. The parties must appear for a **telephonic fairness hearing on October 13, 2022 at 11:00 AM** to determine whether the court should approve the settlement agreement as fair, reasonable and adequate and whether the court should enter the proposed final order approving the settlement agreement. The parties must appear by calling the court's conference line at 888-557-8511 and using access code 4893665#.

5. Any member of the collective class or Rule 23 class who wishes to object in any way to the settlement agreement must file and serve such written

objections per the instructions set forth in the notice no later than forty-five (45) days after the mailing of the notice, together with copies of all papers in support or his or her position, and the notice shall state that the court will not consider objections of any Rule 23 class member who has not properly served copies of his or her objections on a timely basis;

6. Each member of the collective class who wishes to make a claim under the FLSA as provided for in the settlement agreement must return a signed opt-in form per the instructions set forth in the notice, and his or her opt-in form must be faxed, e-mailed or post-marked and addressed to or received by the settlement administrator by the date set forth in the notice (the "opt-in period");

7. Class counsel must file a motion for approval of attorneys' fees and costs no later than twenty-one (21) calendar days prior to the fairness hearing;

8. The parties must jointly move for a final approval of the settlement no later than fourteen (14) calendar days prior to the fairness hearing; and

9. Any supplemental brief in support of final approval of the settlement agreement or in response to any objections to the application of attorneys' fees must be filed at least seven (7) calendar days before the fairness hearing.

Dated in Milwaukee, Wisconsin this 25th day of July, 2022.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**