UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHANNEL BYNUM,

          Plaintiffs,

                                      Case No. 20-cv-1564-pp

    v.

COMMUNITY LOANS OF AMERICA, INC.,
and WISCONSIN AUTO TITLE LOANS INC.,

          Defendants.

---

**ORDER GRANTING STIPULATED MOTION FOR FINAL APPROVAL OF SETTLEMENT (DKT. NO. 54), GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY FEES (DKT. NO. 49) AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES**

---

On February 11, 2022, the plaintiff, on behalf of herself and others similarly situated, filed a joint motion for settlement approval, dkt. no. 41, the settlement agreement, dkt. no. 42, and a stipulation for conditional and class certification, dkt. no. 43. The court granted the joint motion for preliminary settlement approval and class certification and set a fairness hearing for October 13, 2022. Dkt. No. 48. The plaintiffs since have filed a motion for attorney fees, dkt. no. 49, and a stipulated motion for final approval of settlement, dkt. no. 54. On October 4, 2022, the plaintiffs filed the notices of consent to join the lawsuit. Dkt. No. 58.

## I.    Stipulated Motion for Settlement Approval (Dkt. No. 54)

Both the FLSA collective action and the Rule 23 class action settlement require judicial approval. The Rule 23 class action settlement also requires a

1

hearing—the court may approve it only after a hearing and on a finding that the settlement is fair, reasonable and adequate. Fed. R. Civ. P. 23(e)(2). The rule requires consideration of the following factors:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> > (i)     the costs, risks, and delay of trial and appeal;
> >
> > (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
> >
> > (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and
> >
> > (iv)   any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

The considerations in the rule overlap with the factors articulated by the Seventh Circuit: "(1) the strength of the case for plaintiffs on the merits, balanced against the extent of settlement offer; (2) the complexity, length, and expense of further litigation; (3) the amount of opposition to the settlement; (4) the reaction of members of the class to the settlement; (5) the opinion of competent counsel; and (6) stage of the proceedings and the amount of discovery completed." Wong v. Accretive Health, Inc., 773 F.3d 859, 863 (7th Cir. 2014) (citations omitted); Fed. R. Civ. P. 23(e)(2).

2

A. Adequacy of Representation—Rule 23(e)(2)(A)

The court previously appointed Channel Bynum to serve as the class representative, and the law firm of Hawks Quindel to serve as class counsel. Dkt. No. 48 at 2. The court certified the following collective action settlement class under 29 U.S.C. §216(b):

> All persons who are or have been employed by either of the Defendants as hourly, non-exempt employees in the State of Wisconsin at any time since October 12, 2017 and whose names appear on Exhibit A to the Parties' Settlement Agreement.

Id.

> The court further certified the following settlement class under Rule 23:

> All persons who are or have been employed by either of Defendants as hourly, non-exempt employees in the State of Wisconsin at any time since October 12, 2018 and whose names appear on Exhibit A to the Parties' Settlement Agreement.

Id. The plaintiff reached a settlement regarding her claim that she and other hourly, non-exempt employees were not compensated for breaks of less than thirty minutes. Dkt. No. 42 at 1. The court is not aware of any conflicting interests between Bynum and the class members and it appears that class counsel has adequately represented the class through the litigation.

With respect to the first factor, the court is satisfied that the class is adequately represented.

B. Arm's Length Negotiations and Non-Collusiveness of Settlement Process—Rule 23(e)(2)(B) and the Seventh Circuit's First Factor

The Seventh Circuit has emphasized that the "most important factor relevant to the fairness of a class action settlement is the strength of plaintiffs' case on the merits balanced against the amount offered in the settlement."

3

Wong, 773 F.3d at 863. The parties represent that the case involves "a *bona fide* dispute between the Parties and resulted from arm's length settlement negotiations conducted by counsel well-versed in wage and hour law." Dkt. No. 55 at 2. According to the plaintiffs, the defendant denied her allegations regarding unpaid breaks of less than thirty minutes and she knew that the outcome of the litigation would not be clear cut. Id. at 8. At the fairness hearing, defense counsel noted that there also was a *bona fide* dispute about the enforceability of the arbitration agreements. The settlement negotiations took place over a period of "numerous months" and were held at arm's length. Dkt. No. 51 at ¶¶20-23, 40. There are no other agreements between the parties. Dkt. No. 57 at ¶2.

The $54,177 settlement fund provides payments to class members without a claims submission process. Dkt. No. 42. The plaintiffs request service payments totaling $800 ($500 for Bynum and $100 each for the other three opt-in plaintiffs: Andreina Munoz, Tanisha Hunter and Nyree Rose). Dkt. No. 42 at 6. In addition, the settlement agreement calls for $4,677 of the settlement fund to be allocated as claims administration costs for the claims administrators. Id. at 6, 7. The parties have allocated $8,100 to the Rule 23 class for their *pro rata* share, and an additional $8,100 to the FLSA settlement fund. Id. Class counsel has negotiated an award of $31,951.10, plus reimbursement for costs of $548.90. Dkt. No. 68-1.

The court is satisfied that the parties negotiated at arm's length and in good faith, particularly when balancing the merits of the claim against the settlement.

C.    Adequacy of the Relief Provided by the Settlement—Rule 23(e)(2)(C) and the Seventh Circuit's Second and Sixth Factors

When considering the adequacy of relief, Rule 23(e)(2) instructs the court to take into consideration the costs, risks and delay of trial and appeal, the effectiveness of the proposed method of distribution, the terms of any proposed award and the agreements made in connection with the settlement. Fed. R. Civ. P. 23(e)(2). Similarly, the Seventh Circuit looks to the complexity, length and expense of further litigation and the stage of the proceedings and the amount of discovery completed. Wong, 773 F.3d at 863.

1.    *The Costs, Risks, and Delay of Trial and Appeal—Rule 23(e)(2)(C)(i)*

This case has been pending for almost two years. The parties engaged in informal and formal written discovery, dkt. no. 55 at 8, and "worked cooperatively to exchange initial disclosure and set parameters for discovery," dkt. no. 51 at ¶15. Class counsel drafted and sent interrogatories and requests for production of documents. Dkt. No. 50 at 5. The parties analyzed the arbitration agreements and the time and payroll data for the plaintiff and all opt-in plaintiffs. Id. at 6. Class counsel represents that they have invested "more than twenty-six months investigating, negotiating, and litigating the claims of the Class Members." Id. at 2. Class counsel points out that there were significant risks based on the defendant's denial of liability for the class

5

member's claims. Id. at 4. And even if the plaintiffs had prevailed at a trial, the

defendants could have appealed any number of issues, contributing to further

delay.

2.    *The Effectiveness of Any Proposed Method of Distributing Relief to the Class, Including the Method of Processing Class-Member Claims—Rule 23(e)(2)(C)(ii)*

The class members consist of those who were subject to unpaid breaks of

less than thirty minutes and whose payroll data the defendants produced

during the exchange of discovery. Dkt. No. 42-1. The settlement administrator,

Rust Consulting, mailed the class notice on August 8, 2022 to the last known

address of each of the class members. Dkt. No. 56 at ¶10. The settlement

administrator sent 174 notices; seventeen were returned as undeliverable. Id.

at ¶¶10, 11. The settlement administrator attempted to locate updated

addresses for the seventeen and only two were returned a second time. Id. at

¶11.

The parties propose that, within twenty-one days of the court's approval,

the defendants will wire to the settlement administrator of the settlement

funds, the settlement funds, service payments and the administration costs.

Dkt. No. 55 at 33. The class members will not have to do anything—their share

is determined on a *pro rata* basis. Id. The unpaid wage calculations are based

on the payroll data provided by the defendant showing the total unpaid wages

of the class to be $10,136.96 and the potential civil penalties and liquidated

damages to be $4,752.27. Dkt. No. 44 at ¶19. Class counsel maintain they

were able to calculate "the precise amount of damages for unpaid breaks for

6

each Class Member within the statutory period." Dkt. No. 55 at 4. The collective class and the Rule 23 class will receive 100% of their unpaid wages and more than 52% of the potential civil penalties and liquidated damages available to them. Dkt. No. 44 at ¶21.

Within twenty-one days of receiving the settlement funds, the settlement administrator will deliver the payments to the collective class and Rule 23 class members. Dkt. No. 42 at 15.

> 3. *The Terms of any Proposed Award of Attorneys' Fees, Including Timing of Payment—Rule 23(e)(2)(C)(ii)*

Class counsel will receive one-third of the settlement fund or $31,951, plus costs in the amount of $548.90. Dkt. No. 68-1. The funds will be disbursed within twenty-one days after this order.

> 4. *Any Agreement Required To Be Identified Under Rule 23(e)(3)—Rule 23(e)(2)(C)(iv)*

The parties have not identified any agreement other than the agreement itself that must be considered pursuant to Rule 23(e)(3).

D. Equitable Treatment of Class Members—Rule 23(e)(2)(D)

The class members will receive their *pro* rata share based on documents produced in discovery.

E. The Amount of Opposition to the Settlement—the Seventh Circuit's Third and Fourth Factors

The court is not aware of any opposition to the settlement.

F. The Opinion of Competent Counsel—The Seventh Circuit's Fifth Factor

Counsel agree that the settlement is fair, reasonable and adequate.

7

G.    Service Award

The plaintiffs did not separately file a motion for a service award, but the settlement agreement calls for a $500 service award for the plaintiff and an additional $100 each for opt-in plaintiffs Andreina Munoz, Tanisha Hunter and Nyree Rose. Dkt. No. 42 at 6. At the fairness hearing, class counsel explained that Munoz, Hunter and Rose, while not named plaintiffs, had assisted in providing information, answering calls and performing (to a lesser extent) some of the functions that the named plaintiff had performed.

In examining the reasonableness of a requested service award, courts consider: "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation." Cook v. Niedert, 142 F.3d 1004, 1016 (7th Cir. 1998). The settlement agreement says these service payments are made in recognition of the efforts by the named plaintiff and the three opt-in plaintiffs for bringing this lawsuit on a class-wide basis. Id.

The requested amount is less than service awards that this court has previously approved. This court has approved service awards of $5,000 in Pintor v. Hypro, Case No. 17-cv-890 (E.D. Wis. 2018), Dkt. No. 52 at 2, and Pintor v. Fall River Group, Case No. 17-cv-865 (E.D. Wis. 2018), Dkt. No. 47 at 2.

The court will approve the requested service award totaling $800.

8

### H.    Final Approval

After reviewing the settlement agreement and considering all the above factors, the court concludes that the settlement is fair and reasonable and comports with the Rule 23 and Seventh Circuit factors. The court will grant the joint motion for approval of settlement.

## II.    Unopposed Motion for Attorney Fees (Dkt. No. 49)

Rule 23(h) allows the court to authorize fees that are authorized by law or the parties' agreement. The FLSA contains a mandatory fee shifting provision. 29 U.S.C. §216(b). Wis. Stat. §109.03(6) provides that the court may award a prevailing party a reasonable sum for expenses including attorneys' fees. The Seventh Circuit urges courts to "do their best to award counsel the market price for legal services, in light of the risk of nonpayment and the normal rate of compensation in the market at the time." In re Synthroid Mktg. Litig. ("Synthroid I"), 264 F.3d 712, 718 (7th Cir. 2001). Courts have the discretion to use either a percentage of the fund or lodestar methodology. Florin v. Nationsbank of Ga., N.A., 34 F.3d 560, 566 (7th Cir. 1994). Class counsel has calculated fees using the lodestar method, which is "frequently employed in common fund cases." Harman v. Lyphomed, Inc., 945 F.2d 969, 973 (7th Cir. 1991). To calculate the lodestar, the court "multiplies the hours reasonably expended by the reasonable hourly rates." Id. at 974. "A reasonable hourly rate is based on the local market rate for the attorney's services." Montanez v. Simon, 755 F.3d 547, 553 (7th Cir. 2014).

Class counsel filed a brief and declaration in support of fees in the amount of $31,951.10 and $548.90 for costs. Dkt. No. 50. To date, class counsel has incurred more than the requested $31,951.10 in attorney's fees and will continue to incur expenses until the terms of the settlement are fully carried out. Dkt. No. 50 at 4.

In support of the motion, the plaintiff supplied the hourly rates of the billing attorneys: Larry Johnson ($400), Summer Murshid ($400), Timothy Maynard ($400), and law clerks ($75). Dkt. No. 51 at ¶30. Currently the firm bills anywhere between $200 per hour to $500 per hour for work in labor and employment law. Id. at ¶31. Counsel filed several declarations to establish that the rates are within the range of the local market. Dkt. No. 52, ¶¶7,8 ($400-$500); Dkt. No. 53 at ¶¶11-13 ($400-450 for partners). The court has reviewed counsel's billing records, which appear reasonable and total $35,340. Dkt. No. 51-1 at 11.

The court will approve the requested award of $31,951.10 with costs of $548.90 (travel, copies, scanning, postage and Lexis).

## III. CONCLUSION

The court **GRANTS** the stipulated motion for final approval of settlement. Dkt. No. 54.

The court **APPROVES** the settlement as fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure.

10

The court **APPROVES** the settlement of the FLSA collective under 28 U.S.C. §216(b) as a fair and reasonable resolution of a *bona fide* dispute under the FLSA.

The court **APPROVES** the settlement payments to the settlement class and **DECLARES** the Settlement Agreement binding on the parties.

The court **GRANTS** the plaintiffs' unopposed motion for approval of attorneys' fees and costs. The court **APPROVES** the requested attorneys' fees of $31,951.10 and costs in the amount of $548.90. Dkt. No. 49.

The court **APPROVES** the requested payment of $800 for the class representative service award.

The court **ORDERS** the defendants to deliver the payments due under the settlement agreement to the settlement administrator within twenty-one days of this order. The court **FURTHER ORDERS** that the defendants must deliver the attorneys' fees in the amount of $31,951.10 and costs in the amount of $548.90 to class counsel within twenty-one days of this order.

The court **RETAINS JURISDICTION** for the sole purpose of implementing and enforcing the terms of the settlement agreement and this order.

The court **CLOSES** this case for administrative purposes. Plaintiffs' counsel must notify the court within five days of the defendants making the required payments and submit a proposed order dismissing the case with prejudice and without further costs as to the released claims. At that time the

court will enter judgment and discharge the defendants from all released claims covered by the settlement agreement.

The court **DISMISSES WITHOUT PREJUDICE** the claims of the Rule 23 class members who have properly and timely excluded themselves from the Rule 23 Class and the claims of the collective class members who did not properly and timely opt-in to this lawsuit.

Dated in Milwaukee, Wisconsin this 17th day of October, 2022.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge